IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED

| | |
|---|---|
| UNITED STATES OF AMERICA | 19-359  DEC 03 2019 |
| v. | Criminal No.  CLERK U.S. DISTRICT COURT WEST. DIST. OF PENNSYLVANIA |
| ROBERT FIKE | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Heidi M. Grogan, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned an 8-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-8 | Transfer of Obscene Material to a Minor | 18 U.S.C. § 1470 |
| | On or about September 27, 2018 through on or about May 23, 2019 (Count 1) | |
| | On or about December 31, 2018 through on or about January 2, 2019 (Count 2) | |
| | On or about January 8, 2019 through on or about January 9, 2019 (Count 3) | |
| | On or about January 18, 2019 through on or about January 19, 2019 (Count 4) | |
| | On or about January 28, 2019 through on or about January 29, 2019 (Count 5) | |

On or about February 12, 2019 through on or about February 13, 2019 (Count 6)

On or about February 22, 2019 through on or about February 25, 2019 (Count 7)

On or about March 11, 2019 through on or about March 12, 2019 (Count 8)

| | | |
|---|---|---|
| 9 | Stalking<br>August 16, 2018 through March 12, 2019 | 18 U.S.C. § 2261A(2)(B) |

## II. ELEMENTS OF THE OFFENSE

**A.     As to Counts 1-8:**

In order for the crime of Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. § 1470, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That, using the mail or any facility or means of interstate or foreign commerce, the defendant knowingly transferred or attempted to transfer obscene matter to another individual;

2. That the defendant knew he was transferring obscene matter to an individual less than 16 years old;

3. That the defendant knew at the time of the transfer the general nature of the contents of the matter;

4. That the matter is obscene.

Title 18, United States Code, Section 1470.

2

**B.     As to Count 9:**

In order for the crime of Interstate Stalking, in violation of 18 U.S.C. § 2261A(2)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant used the mail, any interactive computer service or electronic communication service or electronic communication system of commerce, or any other facility of interstate or foreign commerce;

2. That the defendant did so to engage in a course of conduct;

3. With the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person;

4. That defendant's conduct caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to (i) that person; (ii) an immediate family member of that person (as that is defined in Section 115 to include a spouse, parent, brother or sister, child or person to whom he stands in loco parentis, or any other person living in his household and related to him by blood or marriage); or (iii) a spouse or intimate partner of that person.

### III. PENALTIES

**A.     As to Counts 1-8: Transfer of Obscene Material to a Minor (18 U.S.C. § 1470):**

1. Imprisonment of not more than ten (10) years (18 U.S.C. § 1470).

2. A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of three (3) years (18 U.S.C. § 3583(b)(2)).

    4.    Any or all of the above.

**B.    As to Count 9:  Stalking (18 U.S.C. § 2261A(2)(B)):**

    1.    A term of imprisonment of not more than five (5) years.  If the stalking occurs in violation of a temporary or permanent civil or criminal injunction, restraining order, no-contact order, or other protection order described in Section 2266 of Title 18, United States Code, the term of imprisonment is not less than one year, and not more than five (5) years.  18 U.S.C. §§ 2261(b)(6), 2261(b)(5).

    2.    A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of the three (3) years (18 U.S.C. § 3583(b)(2)).

    4.    Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts 1 through 8, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. **FORFEITURE**

May be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*Heidi M. Grogan* (signature)
HEIDI M. GROGAN
Assistant U.S. Attorney
PA ID No. 203184
