IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 19-359 |
| ROBERT FIKE | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Heidi M. Grogan, Assistant United States Attorney for said District, and respectfully files the following Memorandum in Aid of Sentencing:

Defendant Robert Fike has pleaded guilty to two counts charging him with violating Title 18, United States Code, Section 1470 (Transfer of Obscene Material to a Minor) pursuant to a plea agreement. Upon consideration of all of the factors set forth in Title 18, United States Code, Section 3553(a), the government requests that the Court sentence Mr. Fike in accord with the parties' plea agreement—to a term of imprisonment of not less than 20 months, followed by three years' supervised release, with certain conditions, as agreed upon by the parties. Such a sentence is appropriate in this case given the defendant's demonstrated sexual interest in a minor as established by the defendant's own words and actions in this case.

The Court is required to give "meaningful consideration" to all of the relevant Section 3553(a) factors. *Gall v. United States*, 552 U.S. 38 (2007); *United States v. Larkin*, 629 F.3d 177, 197 (3d Cir. 2010); *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). However, the Court need not discuss each factor if the record makes clear that the Court took all relevant factors

1

into account in imposing sentence. *United States v. Thornhill*, 759 F.3d 299 (3d Cir. 2014); *Cooper*, *supra*, 437 F.3d 329.

**I.    CONSIDERATION OF THE 3553(a) FACTORS**

**a.  The Nature and Circumstances of the Offense (§ 3553(a)(1))**

It is beyond dispute that this is a very serious crime.  Mr. Fike demonstrated a sexual interest in a particular minor through his actions and his conduct, as detailed on the record at the change of plea hearing and within the Presentence Investigation Report ("PSIR").  His conduct in this case was both disturbing and alarming, causing the minor victim and her family substantial emotional distress.

**b.  History and Characteristics of the Defendant (§ 3553(a)(1))**

The defendant has significant mental and emotional health concerns which have been dealt with by the Court throughout the pendency of this case.  Following a period of treatment for restoration, this Court held an evidentiary and found Mr. Fike competent to stand trial.  Doc. No. 110.  The plea agreement recognizes Mr. Fike's history and background, as further explained within the PSIR, while providing for a sentence that is necessary and just.

**c.  Seriousness of the Offense, Respect for the Law, Just Punishment**
     **(§ 3553(a)(2)(A))**

The law is clear that child exploitation crimes warrant stringent sentences.  Here, the government submits that the parties' agreed upon sentence will promote seriousness for the offense and respect for the law and provide necessary and just punishment for this particular defendant.

### d. Deterrence (§ 3553(a)(2)(B))

Deterring the sexual exploitation of minors must be given significant weight at sentencing—children are the most defenseless members of our society. Thus, this factor includes the deterrence of the defendant in the instant case, as well as those who may consider similar offenses in the future. The parties' proposed sentence accomplishes this goal.

### e. Protect the Public (§ 3553(a)(2)(C))

Mr. Fike's criminal conduct in this case demonstrates a disturbing and unusual sexual interest in a minor; therefore, his sentence must ensure the safety of the children of the Western District of Pennsylvania and elsewhere. The parties have considered, and continue to consider, in conjunction with the U.S. Probation Office, all available conditions to ensure the safety of the community while Mr. Fike is on supervised release. This consideration is paramount for the government, and the government asks the Court to accept the parties' recommendation at the time of sentencing.

### f. Need to Avoid Sentencing Disparity (§ 3553(a)(6))

When considered in conjunction with all of the other 3553(a) factors, the government submits that parties' agreed upon sentence is sufficient but not greater than necessary, while avoiding sentencing disparities, given the facts of this particular case and the circumstances of this particular defendant.

## II. RESTITUTION

The minor victim and her family have indicated to the government that they do not intend to submit a restitution request.

### III. CONCLUSION

For all of the foregoing reasons, the government submits that this Court should sentence the defendant in accord with the parties' plea agreement—to a term of imprisonment of not less than 20 months, followed by 3 years' supervised release, with certain conditions as agreed to by the parties. Such a sentence is warranted, provides just punishment, and is not greater than necessary to address defendant's crimes and the factors set forth at 18 U.S.C. § 3553(a).

    Respectfully submitted,

    CINDY K. CHUNG
    United States Attorney

    s/ Heidi M. Grogan
    HEIDI M. GROGAN
    Assistant United States Attorney
    PA ID No. 203184